

**FILED**

*4:48 pm, 3/26/15*
**Stephan Harris**
**Clerk of Court**

# United States District Court
## For The District of Wyoming

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No.15-CR-57-J-01 |
| | ) | |
| ANDREW LAMBERT SILICANI, | ) | |
| | ) | |
| Defendant(s). | ) | |

### DISCOVERY ORDER

THIS MATTER comes on for consideration sua sponte.  The defendant(s), <u>ANDREW LAMBERT SILICANI</u> has been arraigned in the above-styled criminal action and has been given a date by which pretrial motions shall be filed.  In an effort to streamline the discovery process and minimize unnecessary efforts of the Court personnel and counsel, the Court deems that the following discovery is authorized by the Court.

WHEREFORE:

**IT IS HEREBY ORDERED** as follows:

**1.  DEFENDANT IS DEEMED TO REQUEST DISCOVERY UNLESS WAIVER IS FILED:**  The defendant is on notice that unless he or she files with the Court no later than seven (7) days from the entry of this Order a waiver of request for discovery from the government signed by the defendant, the Court will deem the defendant to have requested discovery and be subject to the reciprocal discovery obligations of Rule 16 of the Federal Rules of Criminal Procedure.  **See Fed. R. Crim. P. 16(b)(1).**

**2.  DISCLOSURE OF EVIDENCE BY THE GOVERNMENT:**  Unless the defendant has filed the aforesaid waiver, within eight (8) days of the entry of this Order, the Government shall provide to defendant's counsel without motion all of the information to which defendant is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure, namely:

**(A)  Statements of the Defendant:**  The government shall disclose and make available for inspection, copying or photographing:  any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.  The government shall also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

**(B)  Defendant's Prior Record:**  The government shall furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the

possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(C) **Documents and Tangible Objects:**  The government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

(D) **Reports of Examinations and Tests:**  The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(E) **Expert Witnesses:**  The government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial.  This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

**3.  DISCLOSURE OF EVIDENCE BY THE DEFENDANT:**  If the defendant has not filed the waiver of request for discovery within seven days of the entry of this order and the government has complied with its discovery obligations of Rule 16, the defendant shall produce, within 5 days of the Government's compliance with disclosure order, the following Rule 16 discovery obligations:

**(A)  Documents and Tangible Objects:**  On request of the government, the defendant shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

**(B)  Reports of Examinations and Tests:**  On request of the government, the defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

**(C)  Expert Witnesses:**  If the government makes disclosures under Fed. R. Crim. P. 16(a)(1)(E) in response to the request of a defendant, the defendant shall, at the request of the government, disclose to the government a written summary of testimony the

defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial.  This summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

4.  **CONTINUING DUTY TO DISCLOSE:**  If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under Rule 16, such party shall promptly notify the other party or that other party's attorney and the court of the existence of the additional evidence or material.

5.  **INFORMATION NOT SUBJECT TO DISCLOSURE:**  Unless mandated by the remaining paragraphs of this Order, evidence not otherwise subject to disclosure under Rule 16 is not required to be produced pursuant to this standing discovery Order.

6.  **DISCLOSURE OF *BRADY, GIGLIO* AND JENCKS ACT MATERIALS:**  The Government shall make available to the defendant by the time required by the applicable law all material for which disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963), by *Giglio v. United States*, 405 U.S. 150 (1972), and by the Jencks Act, 18 U.S.C. Section 3500, and rules 12(I) and 26.2.

7.  **DISCLOSURE OF FEDERAL RULE OF EVIDENCE 404(b) MATERIAL AND RULE 807:**  All Rule 404(b) information and evidence sought to be admitted pursuant to Rule 807 shall be disclosed by the Government to the defendant at least five (5) working days prior to trial.

**8. FURTHER DISCOVERY MOTIONS SHALL NOT BE FILED BY EITHER PARTY EXCEPT AS AUTHORIZED BELOW:**   The defendant may file with the Court a particularized "Notice of *Brady* Requests" made to the Government in order to satisfy any specificity requirements under *United States v. Agurs*, 427 U.S. 97 (1976).

If a party contends that the opposing party has not provided the material required to be produced by this Order, that party may petition this Court for its disclosure only after a specific request for production has been denied by the opposing party.  However, the Court will deny any such petition unless the party seeking production complies with the following requirements:

**(A)**    Identifies with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production; and

**(B)**    Identifies the Assistant U. S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial.

Such petitions shall be filed by the motions deadline as set by the Court at arraignment; however, a petition shall not be refused as untimely where the opposing party has previously declined production on the grounds of present unavailability of the evidence or where the applicable law does not require production until after the motions deadline.

**9.  PRESERVATION OF TAPES, NOTES AND OTHER MEMORANDA:**  The government shall not purposefully destroy any tapes, notes, surveillance logs, reports,

memoranda or communications generated in connection with this case until it is resolved.

**10. NON-DISCOVERY PRETRIAL MOTIONS:** All non-discovery pretrial motions, including a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, shall be filed by the motions' deadline as set by the Court at arraignment.

**11. CHANGE OF PLEAS:** The parties are hereby advised that, absent exceptional circumstances, this Court will not accept a Defendant's change of plea unless the plea agreement was entered into between the parties no later than five (5) days prior to trial.

**12. THE COURT IS IMPLEMENTING A NEW SYSTEM FOR ELECTRONIC SUBMISSION OF EXHIBITS TO THE JURY. THE JURY EVIDENCE RECORDING SYSTEM (JERS) ALLOWS JURORS TO REVIEW EVIDENCE (DOCUMENTARY, PHOTO, OR VIDEO EXHIBITS) ON A LARGE FLAT PANEL SCREEN DURING DELIBERATIONS. ATTORNEYS SHOULD PROVIDE THEIR TRIAL EXHIBITS IN ELECTRONIC FORMAT ON A USB DRIVE, DVD, OR CD TO THE OFFICE OF THE CLERK OF COURT A MINIMUM OF FIVE (5) DAYS PRIOR TO THE START OF TRIAL.** COUNSEL IS REQUIRED TO PROVIDE THEIR EXHIBITS IN THE FOLLOWING ELECTRONIC FORMATS:

All electronic evidence should be provided using the following formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif

- Video / Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  PARTIES MAY OBTAIN ADDITIONAL INFORMATION REGARDING THE SUBMISSION OF ELECTRONIC EXHIBITS BY CONTACTING THE CLERK'S OFFICE.

**13.  NO MATERIALS PRODUCED PURSUANT TO THIS ORDER ARE TO BE PHOTOCOPIED WITHOUT PRIOR ORDER OF THIS COURT.**

Dated this 26th day of March, 2015.

Kelly H. Rankin
Chief United States Magistrate Judge