# United States District Court
## For The District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUL 10 AM 9 31

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES OF AMERICA,

vs.

**ANDREW LAMBERT SILICANI**

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 15-CR-57-1F

James H. Barrett
Defendant's Attorney

THE DEFENDANT having pled guilty to Counts 1, 2, 3 and 4 of the Indictment filed in this matter.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. 1958 | Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 12/29/2014 | 1 |
| 18 U.S.C. 1958 | Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 1/13/2015 | 2 |
| 18 U.S.C. 1958 | Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 1/29/2015 | 3 |
| 18 U.S.C. 1958 | Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 2/18/2015 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**Defendant's USM No: 14126-091**

July 9, 2015
Date of Imposition of Sentence

_/s/ Nancy D. Freudenthal_
Nancy D. Freudenthal,
Chief United States District Judge

July 9, 2015
Date

DEFENDANT: Andrew Lambert Silicani  Judgment-Page 2 of 7
CASE NUMBER: 15-CR-57-1F

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred (120) months as to Count 1, one hundred twenty (120) months as to Count 2, one hundred twenty (120) months as to Count 3 and sixty (60) months as to Count 4 in this matter for a total of four hundred twenty (420) months, each count to be served consecutively to one another. This sentence is also imposed consecutively to the sentence imposed by the Laramie County District Court in Docket No. 30-869.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant participate in the Residential Drug Abuse Program.

The defendant is remanded to the custody of the United States Marshal Service.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
Deputy Marshal

DEFENDANT: Andrew Lambert Silicani  Judgment-Page 3 of 7
CASE NUMBER: 15-CR-57-1F

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to Counts 1, 2, 3 and 4 in this matter, all counts to be served concurrently.

The defendant shall report to the probation office in the district to which the Defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall participate in and successfully complete substance abuse treatment in a program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the U.S. Probation Officer.

The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug

DEFENDANT: Andrew Lambert Silicani  
CASE NUMBER: 15-CR-57-1F

Judgment-Page 4 of 7

testing.

The defendant shall participate in mental health treatment in a program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program, including the proper, directed taking of prescribed medications. The defendant shall not discontinue treatment without the permission of the U.S. Probation Officer.

As a component of the defendant's treatment and testing program, the defendant shall pay a one-time fee of Two Hundred Fifty Dollars ($250.00) to partially defray the costs of treatment and/or drug testing. Monetary payments made by the defendant shall be applied to this fee only after all other court-ordered monetary obligations have been fulfilled. Payment of the fee shall be made by money order or cashier's check to the Clerk of District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, utilizing the payment coupon provided by the U.S. Probation Office. This co-pay is waived in the event the defendant is supervised by a district other than Wyoming.

The defendant shall refrain from any use of possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the U.S. Probation Officer. Additionally, the defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

The defendant shall submit his person, residence, office, storage facility or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn all other occupants that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. He shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

The defendant shall have no contact with the victims, Cheryl Lambert and John Ott, nor any contact with James Silicani or any step-siblings or other step-parents, unless initiated by the listed individuals.

**DEFENDANT:** Andrew Lambert Silicani  
**CASE NUMBER:** 15-CR-57-1F

Judgment-Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Andrew Lambert Silicani  Judgment-Page 6 of 7
CASE NUMBER: 15-CR-57-1F

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| **Totals:** | $400.00 | $0.00 | $0.00 |

## FINE AND/OR RESTITUTION

The Court finds that community restitution is not authorized in this case.

The Court finds that the defendant does not have the ability to pay a fine in addition to restitution of Fifteen Thousand One Hundred Ninety-six Dollars Sixty-seven Cents ($15,196.67), to be paid as previously ordered in Laramie County District Court, P.O. Box 787, Cheyenne, Wyoming, 82003, in Case No 30-869 and therefore a fine is waived in this matter.

DEFENDANT: Andrew Lambert Silicani  
CASE NUMBER: 15-CR-57-1F

Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. The defendant shall participate in the Inmate Financial Responsibility Program to pay her monetary obligation. While incarcerated, the defendant shall make payments of at least Twenty-five Dollars ($25.00) per quarter. Any balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning sixty (60) days following release from confinement, in monthly installments of not less than Twenty-five Dollars ($25.00) or 10% of his monthly gross income whichever is greater. All monetary obligations shall be satisfied no less than sixty (60) days prior to the expiration of the term of supervised release.
>
> Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 15-CR-57-1F.

**All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.**