```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF WYOMING
     _____
 3

 4   UNITED STATES OF AMERICA,         DOCKET NO. 15-CR-057-F

 5        Plaintiff,

 6        vs.
                                       Cheyenne, Wyoming
 7   ANDREW LAMBERT SILICANI,          March 26, 2015
                                       10:20 a.m.
 8        Defendant.

 9
     _____
10
                    TRANSCRIPT OF HEARING PROCEEDINGS
11                   INITIAL APPEARANCE/ARRAIGNMENT
                  BEFORE THE HONORABLE KELLY H. RANKIN
12                CHIEF UNITED STATES MAGISTRATE JUDGE

13   APPEARANCES:
     For the Plaintiff:     THOMAS A. SZOTT
14                          Assistant United States Attorney
                            DISTRICT OF WYOMING
15                          2120 Capitol Avenue, Suite 4000
                            P.O. Box 668
16                          Cheyenne, WY 82003-0668

17   For the Defendant:     JAMES H. BARRETT
                            Assistant Federal Public Defender
18                          OFFICE OF THE FEDERAL PUBLIC DEFENDER
                            214 West Lincolnway, Suite 31-A
19                          Cheyenne, WY 82001

20
     Court Reporter:        JANET DAVIS
21                          Registered Diplomate Reporter
                            Federal Certified Realtime Reporter
22                          Federal Official Court Reporter
                            2120 Capitol Avenue, Room 2226
23                          Cheyenne, WY  82001
                            (307)635-3884/jbd.davis@gmail.com
24
     Proceedings recorded by digital stenography; transcript
25   produced with computer-aided transcription.
```

1      (Proceedings commenced 10:20 a.m., March 26, 2015.)

2           THE COURT:  Good morning.  This is the matter of

3  United States of America versus Andrew Lambert Silicani,

4  Case No. 15-CR-57.

5           I note the presence of Charity Peyton, student intern

6  with the United States Attorney's Office, and Thomas Szott,

7  also Assistant United States Attorney, and on behalf of

8  Mr. Silicani, Assistant Federal Public Defender.

9           Mr. Barrett, would you and your client please come to

10 the podium.

11          Mr. Silicani, I need to ask you some questions to make

12 sure you understand what we're doing here today.  Before I do

13 that, I will ask the courtroom deputy to administer an oath.

14     (Defendant sworn.)

15          THE COURT:  Sir, are you currently under the influence

16 of any alcohol or controlled substances?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Suffering from any mental or physical

19 condition that would make it difficult for you to understand

20 what we're doing here today?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  And are you currently under the care of a

23 medical provider and taking any prescription medication?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Mr. Silicani, the purpose of the hearing

1   today is to go over with you the nature of each of the four

2   charges you face and also discuss the maximum penalties for

3   those charges, and then I will be asking you to formally enter

4   pleas to those charges.  It is my expectation that you will be

5   entering not guilty pleas.

6           If so, we will establish a trial date in your case,

7   along with some other deadlines, and that should essentially

8   conclude our business for purposes of today.

9           Do you understand what we're doing, sir?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  And have you received a copy of the

12  Indictment in your case?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And have you had a chance to read through

15  that before your appearance today?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Let's take just a moment and go through

18  this together.  Sir, as you can see, you're charged with four

19  separate counts of use of interstate commerce facilities in the

20  commission of murder for hire.

21          Specifically, Count 1 alleges that on or about

22  December 29th, 2014, in the District of Wyoming and elsewhere,

23  the defendant, Andrew Lambert Silicani, used the mail with

24  intent that the murders of his mother and stepfather be

25  committed in violation of the laws of the State of Wyoming as

1   consideration for a promise and agreement to pay things of

2   pecuniary value, to wit, cash proceeds of his mother's life

3   insurance policy.

4            This is in violation of 18 United States Code, Section

5   1958.

6            Count 2 alleges that on or about January 13th, 2015,

7   in the District of Wyoming and elsewhere, the defendant, Andrew

8   Lambert Silicani, used the mail with intent that the murders of

9   his mother and stepfather be committed in violation of the laws

10  of the State of Wyoming as consideration for a promise and

11  agreement to pay things of pecuniary value, to wit, cash

12  proceeds of his mother's life insurance policy.

13           This is in violation of 18 United States Code, Section

14  1958.

15           Count 3 alleges on or about January 29, 2015, in the

16  District of Wyoming and elsewhere, the defendant, Andrew

17  Lambert Silicani, used the mail with the intent that the

18  murders of his mother and stepfather be committed in violation

19  of the laws of the State of Wyoming as consideration for a

20  promise and agreement to pay things of pecuniary value, to wit,

21  cash proceeds of his mother's life insurance policy, in

22  violation of 18 United States Code, Section 1958.

23           And finally, Count 4 alleges on or about February

24  18th, 2015, in the District of Wyoming and elsewhere, the

25  defendant, Andrew Lambert Silicani, used the mail with the

1    intent that the murders of his mother and stepfather be

2    committed in violation of the laws of the State of Wyoming as

3    consideration for a promise and agreement to pay things of

4    pecuniary value, to wit, cash proceeds of his mother's life

5    insurance policy, this in violation of 18 United States Code,

6    Section 1958.

7           And then, Mr. Silicani, attached to the Indictment

8    should be a penalty summary which outlines the maximum

9    penalties that you face if convicted of one or all four of

10   these offenses.

11          Do you see that document, sir?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Each of those counts separately carries

14   with it a term of up to 10 years in prison, a fine of up to

15   $250,000, 3 years of supervised release following any period of

16   confinement, and a mandatory $100 special assessment.

17          If you were convicted of all four counts and they were

18   to run consecutively, that is, one after another, you face

19   total penalties of up to 40 years in prison, a fine of up to $1

20   million, 3 years of supervised release following any period of

21   confinement, and $400 worth of special assessments.

22          Mr. Silicani, do you understand the general nature of

23   these charges and also the maximum penalties for them?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Mr. Barrett, is Mr. Silicani prepared to

Case 1:15-cr-00057-NDF   Document 67   Filed 08/10/15   Page 6 of 9

DOCKET NO. 15-CR-057-F       INITIAL/ARRAIGNMENT                    6

```
 1   enter pleas at this time?

 2           MR. BARRETT:  He is, Your Honor.  We will be entering

 3   pleas of not guilty to each count.

 4           THE COURT:  Very well.  Mr. Silicani, as to charge --

 5   excuse me -- as to Count 1 contained in the Indictment alleging

 6   use of interstate commerce facilities in the commission of

 7   murder for hire, how do you plead?

 8           THE DEFENDANT:  Not guilty, Your Honor.

 9           THE COURT:  As to Count 2 which alleges use of

10   interstate commerce facilities in the commission of murder for

11   hire, how do you plead?

12           THE DEFENDANT:  Not guilty, Your Honor.

13           THE COURT:  As to Count 3 which alleges use of

14   interstate commerce facilities in the commission of murder for

15   hire, how do you plead?

16           THE DEFENDANT:  Not guilty, Your Honor.

17           THE COURT:  And finally, as to Count 4, which likewise

18   alleges use of interstate commerce facilities in the commission

19   of murder for hire, how do you plead?

20           THE DEFENDANT:  Not guilty, Your Honor.

21           THE COURT:  Your not guilty pleas will entered as a

22   matter of record.

23           One moment, please.

24           It appears preliminarily speedy trial runs on or about

25   May 19th.  Any objections to that preliminary calculation?
```

1          Mr. Barrett.

2          MR. BARRETT:  No, Your Honor.

3          THE COURT:  And Mr. -- rather, Ms. Payton.  Excuse me.

4          MS. PAYTON:  No, Your Honor.

5          THE COURT:  Accordingly, then, we will schedule a jury

6    trial for May 18th of this year at 8:30 a.m. before Judge

7    Freudenthal here in this courthouse.  Again that's May 18th at

8    8:30 a.m.

9          Mr. Barrett, is 20 days sufficient for the filing of

10   any motions?

11         MR. BARRETT:  It is, Your Honor.  Thank you.

12         THE COURT:  And, Ms. Payton, with respect to the

13   Government's position on discovery and grand jury transcripts?

14         MS. PAYTON:  Your Honor, we ask for the standard Rule

15   16 discovery with a protective order prohibiting copying

16   materials, and releasing the grand jury transcripts, there's no

17   objection to that.

18         THE COURT:  All right.  Very well.  We'll enter our

19   standard Rule 16 discovery order with the protective order

20   provision that precludes photocopying or copying of any

21   materials.

22         I will also enter an order that authorizes the release

23   of the grand jury transcripts.

24         Mr. Barrett, is there anything else I can address for

25   you or your client today?

1       MR. BARRETT:  No, Your Honor, not at this time.  Thank
2  you.
3       THE COURT:  Very well.
4       Ms. Payton, anything further for the United States?
5       MS. PAYTON:  No, Your Honor.
6       THE COURT:  All right.  If there's nothing further, I
7  will remand Mr. Silicani back to the custody of the United
8  States Marshal, and we will stand in recess.
9       (Proceedings concluded 10:34 a.m., March 26, 2015.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                    C E R T I F I C A T E
 2
 3
 4
 5          I, JANET DAVIS, Federal Official Court Reporter for
 6   the United States District Court for the District of Wyoming, a
 7   Registered Diplomate Reporter and Federal Certified Realtime
 8   Reporter, do hereby certify that I reported by machine
 9   shorthand the foregoing proceedings contained herein on the
10   aforementioned subject on the date herein set forth, and that
11   the foregoing pages constitute a full, true and correct
12   transcript.
13
14          Dated this 10th day of August, 2015.
15
16
17
18                    /s/ Janet Davis
19          _____
20                    JANET DAVIS
                  Registered Diplomate Reporter
21            Federal Certified Realtime Reporter
                  United States Court Reporter
22
23
24
25
```